**UNITED STATES of America, Appellee,**

v.

**Peter LAGATTA; Billy Caroleo; Michael Bitz; Dennis Merckling; Alex Sharogordsky; Joseph Campo; and Joe Lnu, Defendants,**

**Steven B. Zackson, Defendant–Appellant.**

**No. 351, Docket 94–1088.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 9, 1994.

Decided March 9, 1995.

Barry Levin, Gerst & Levin, Garden City, NY (Kelly Guthy, Gerst & Levin, Garden City, NY, on the brief), for defendant-appellant.

Edward A. Rial, Asst. U.S. Atty. for the E.D.N.Y., Brooklyn, NY (Zachary W. Carter, U.S. Atty. for the E.D. of N.Y., Susan Corkery, Asst. U.S. Atty. for the E.D. of N.Y., Brooklyn, NY, on the brief), for appellee.

---

Before: FEINBERG, KEARSE and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Defendant-appellant Steven B. Zackson appeals from a judgment entered after a jury trial in the United States District Court for the Eastern District of New York (Nickerson, *J.*), convicting him of two counts of conspiracy to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by robbery and by means of actual and threatened force in violation of 18 U.S.C. § 1951; one count of conspiracy to transport, possess, and sell stolen merchandise in interstate commerce in violation of 18 U.S.C. § 371; one count of transportation of stolen merchandise in interstate commerce in violation of 18 U.S.C. § 2314; and one count of possession and sale of stolen merchandise in interstate commerce in violation of 18 U.S.C. § 2315. The district court sentenced Zackson to a term of 21 months' imprisonment on each of the five counts and ordered that the term on each count run concurrently with each other and run consecutively to a previously imposed, yet undischarged sentence of 121 months' imprisonment on a federal narcotics conviction, followed by a three-year term of supervised release, and a $250 special assessment.

On appeal, Zackson challenges his sentence. Zackson contends principally that the district court's sentence, mandating that the term of imprisonment run consecutively, rather than concurrently, to a prior undischarged term of imprisonment, was imposed in violation of law and as a result of an incorrect application of the 1993 version of the Sentencing Guidelines.

Finding no merit in his contentions, we affirm the district court's judgment for the reasons set forth below.

## BACKGROUND

Zackson was charged in a five-count superseding indictment with armed robbery. On April 2, 1993, a jury found Zackson guilty of committing the armed robbery of six tractor trailer trucks containing women's garments from the Sea Jet Trucking Company ("Sea Jet") in Brooklyn, New York. According to the Presentence Investigation ("PSI") report, Zackson's role in the robbery was to transport the truck drivers to the Sea Jet facility, and to assist in the offloading of the stolen merchandise into unregistered containers at a New Jersey warehouse.

The PSI report and Addendum prepared by the Probation Department on the five counts of conviction for Zackson recommended a total offense level under the Sentencing Guidelines of 29, which included a five-level enhancement for the discharge of a firearm. After considering Zackson's criminal history category of II, the PSI report recommended a sentencing range of 97 to 121 months' imprisonment.

At the sentencing hearing on February 4, 1994, the district court departed on each count from the recommended total offense level to a level 16 and sentenced Zackson to a term of 21 months' imprisonment on each of the five counts of conviction. The district court ordered that the terms run concurrently with each other and consecutively to the unexpired portion of a previously imposed sentence of 121 months' incarceration on a federal narcotics conviction. At the time of sentencing for the instant offense, the unexpired term of Zackson's narcotics sentence was 84 months.

During sentencing for the instant offense, Zackson maintained that U.S.S.G. § 5G1.3(c), comment. (n. 3) mandated that he receive a sentence concurrent to the undischarged 121 month prison term. Specifically, Zackson argued that his adjusted offense level was 18, and that under the multi-count analysis approach described in the commentary to U.S.S.G. § 5G1.3(c), a concurrent sentence was mandated because it would result in a reasonable incremental punishment.

After reviewing the cited material, the district court disagreed, indicating that it was not divested of discretion to impose a concurrent or consecutive sentence by U.S.S.G. § 5G1.3(c), comment. (n. 3), which describes a method that the court should "consider" in determining a reasonable incremental punishment. Moreover, the district court rejected Zackson's adjusted offense level calculation of 18, stating that it would find, "if [it]

had to," an adjusted offense level of 29. Finally, the district court articulated why it imposed the sentence to run consecutively, rather than concurrently:

> The reason I think that there has to be some additional sentence for this crime is in a sense, otherwise there's a free ride on it. . . . [I]t seems to me there ought to be once you've committed a crime, know you've committed a crime, that this—and you commit another almost equally serious crime, maybe equally serious, that there should be some incremental punishment. So the total punishment for Mr. Zackson— on the two crimes—will be 142 months. Now the sentence in this case will be on each count. I'm departing—on each count, 21 months, to run . . . concurrently, but consecutively to the sentence in the drug case, which is CR–90–292(S).

Zackson now appeals solely to challenge the propriety of his sentence.

## DISCUSSION

On appeal, Zackson contests the imposition of a consecutive sentence. He argues that because the district court failed to (1) employ the proper analysis pursuant to U.S.S.G. § 5G1.3(c), comment. (n. 3) and (2) explain its reasons for departing from that analysis, the sentence was imposed in violation of law and as a result of an incorrect application of the Sentencing Guidelines. Zackson's argument is without merit.

In considering Zackson's challenge to his sentence, we review the district court's legal interpretation of the Sentencing Guidelines *de novo* and the district court's findings of fact for clear error. *See United States v. Deutsch,* 987 F.2d 878, 884–85 (2d Cir.1993) (citations omitted).

Section 5G1.3 of the Sentencing Guidelines, entitled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment," addresses whether sentences for defendants should run concurrently or consecutively to their unexpired terms of incarceration. In the case before us, it is undisputed that the applicable provision is U.S.S.G. § 5G1.3(c), which provides in relevant part:

> (c) *(Policy Statement)* . . . [T]he sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offence. (emphasis added).

Application Note 3 of the commentary to U.S.S.G. § 5G1.3(c) interprets this policy statement, stating in pertinent part that:

> Where the defendant is subject to an undischarged term of imprisonment in circumstances other than those set forth in subsections (a) or (b), subsection (c) applies and the court shall impose a consecutive sentence to the extent necessary to fashion a sentence resulting in a reasonable incremental punishment for the multiple offenses. In some circumstances, such incremental punishment can be achieved by the imposition of a sentence that is concurrent with the remainder of the unexpired term of imprisonment. In such cases, a consecutive sentence is not required. To the extent practicable, the court should *consider* a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time. . . . Where the offense resulting in the undischarged term of imprisonment is a federal offense for which a guideline determination has previously been made, the task will be somewhat more straightforward, although even in such cases a precise determination may not be possible.
>
> *It is not intended that the above methodology be applied in a manner that unduly complicates or prolongs the sentencing process.* Additionally, this methodology does not, itself, require the court to depart from the guideline range established for the instant federal offense. Rather, this methodology is meant to *assist* the court in determining the appropriate sentence (*e.g.* the appropriate point within the applicable

guideline range, whether to order the sentence to run concurrently or consecutively to the undischarged term of imprisonment, or whether a departure is warranted). Generally, the court may achieve an appropriate sentence through its determination of an appropriate point within the applicable guideline range for the instant federal offense, combined with its determination of whether that sentence will run concurrently or consecutively to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(c), comment. (n. 3) (emphasis added).

■ The commentary to U.S.S.G. § 5G1.3 underscores the court's discretion in determining a reasonable incremental punishment by stating that the court should "consider" combining the prior and current convictions to arrive at the offense level that would have resulted had all the charges been brought in one indictment. Although that method is one which the court should "consider" in determining a reasonable incremental punishment, the commentary's plain language does not make it the exclusive manner in which a court must sentence a defendant serving an undischarged term. Nor does the commentary require that the district court explicitly demonstrate that it engaged in the multi-count sentencing methodology. Indeed, the commentary plainly states that the court should not unduly complicate or prolong the sentencing process by employing the grouping methodology, as it is meant to assist the court in determining the appropriate sentence. Thus, there is no support in § 5G1.3(c) or the commentary for Zackson's argument that the court was obligated to impose a concurrent sentence in this case, using a specific analysis to the exclusion of any other.

■ In the case at hand, the district court reviewed § 5G1.3(c) and its commentary on the record and devised an alternative method to arrive at a reasonable incremental punishment, namely, by departing downward from the applicable guideline range for the armed robbery. The court was clearly cognizant of the policy statement and commentary, and their application, because both the govern-

ment and Zackson submitted calculations as to the combined offense level for the drug and armed robbery convictions.

Furthermore, because the district court adopted the Probation Department's offense level of 29, the multi-count analysis approach described in the commentary would have yielded a combined offense level of 34. Given that the guideline range for level 34 is 151 to 188 months, the court, had it employed the approach Zackson now claims was mandated, could have imposed a minimum consecutive sentence of at least 30 months in order to achieve a reasonable incremental punishment over Zackson's 121 month drug sentence. His sentence, therefore, could have been higher under the analysis he proposed.

Finally, the record reflects that the district court expressly considered the concerns reflected in U.S.S.G. § 5G1.3(c) as well as the governing statutory factors embodied in 18 U.S.C. § 3553(a) in deciding to impose a consecutive sentence. The latter includes the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, [ ] provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), and "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B). A concurrent sentence would serve none of these objectives, because it would have, in the words of the district court, given Zackson "a free ride." *See United States v. Vega*, 11 F.3d 309, 315 (2d Cir.1993) ("it would be anomalous indeed for the initial sentencing of a defendant to confer on him an effective immunity for the continuation thereafter of his criminal conduct").

In sum, the district court's failure to either employ the multi-count analysis approach or explain why it chose an alternative approach is of no consequence to the lawfulness of this sentence. Accordingly, we find no error in the district court's exercise of discretion.

## CONCLUSION

We have examined all of Zackson's arguments on this appeal and have found them to

be without merit.  The district court's judgment is affirmed.