UNITED STATES of America, Plaintiff,

v.

Judy A. WILEY–DUNAWAY, Defendant.

Cr. No. 2:93–00209.

United States District Court,
S.D. West Virginia,
Charleston Division.

March 31, 1995.

Sharon M. Frazier, Asst. U.S. Atty., Huntington, WV, for plaintiff.

Hunt L. Charach, Federal Public Defender, Charleston, WV, for defendant.

## REVISED JUDGMENT IN A CRIMINAL CASE

HADEN, Chief Judge.

On December 28, 1994 came the Defendant, Judy A. Wiley–Dunaway, by counsel Hunt L. Charach, Federal Public Defender, and came the Government by Sharon M. Frazier, Assistant United States Attorney, for a hearing to resentence the Defendant in accordance with Court of Appeals mandate in *United States v. Wiley–Dunaway*, 40 F.3d 67 (4th Cir.1994). The Defendant waived her right to appear at the hearing and was absent.

The Defendant appeared before this Court on November 13, 1993, and pled guilty to a single-count information charging her with making, uttering and possessing forged securities in violation of 18 U.S.C. § 513(a). The Court provisionally accepted Defendant's plea, and at a hearing held January 18, 1994, the Court accepted the plea, adjudged the Defendant guilty, and imposed a sentence of fifteen (15) months imprisonment upon the Defendant, to be served consecutively to other sentences previously imposed upon her in federal and territorial courts in the Virgin Islands.[1]

Defendant appealed her sentence to the Court of Appeals. In the opinion accompanying the mandate to this Court, the Court of Appeals generally detailed the procedure this Court should utilize in resentencing the Defendant. *United States v. Wiley–Dunaway, supra.*[2] The Court of Appeals held that although Section 5G1.3(c) of the *United States Sentencing Guidelines* is described as a "policy statement" by the Guidelines themselves, § 5G1.3(c) should be enforced "as if it were a guideline, but in a manner that affords the degree of discretion spelled out by the commentary and illustrations." *Id.* at 70–71. Section 5G1.3 addresses the imposition of a sentence on a defendant who is at the time of sentencing subject to an undischarged term of imprisonment. The Court of Appeals found subsection (c) applicable to the instant case, *id.* at 70; subsection (c) states: "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense."

As noted above, Defendant faced undischarged sentences imposed by federal and territorial courts in the Virgin Islands. Thus, this Court must now determine the appropriate sentence "to achieve a reasonable incremental punishment" in light of the undischarged sentences. In this regard, the Court of Appeals referred to Application Note 3 of U.S.S.G. § 5G1.3.[3] Application

---

**1.** At the time of sentencing, Defendant faced undischarged sentences upon convictions in federal and territorial courts in the Virgin Islands.

**2.** The Court notes the Court of Appeals' apparent belief that this Judge failed to consider Defendant's objection based upon U.S.S.G. § 5G1.3. *Wiley–Dunaway, supra,* 40 F.3d at 69. The Defendant's objection was fully expressed to the Court's probation officer, and although this Judge did not expressly refer to § 5G1.3, the transcript of the sentencing hearing clearly shows my rationale for the sentence imposed was directly focused on the concerns of § 5G1.3.

**3.** U.S.S.G. § 5G1.3, commentary, Application Note 3 states:

"Where the defendant is subject to an undischarged term of imprisonment [and] subsection (c) applies ... the court shall impose a consecutive sentence to the extent necessary to fashion a sentence resulting in a reasonable incremental punishment for the multiple of-

Note 3 outlines a methodology to be utilized when § 5G1.3(c) is utilized: "[Appropriate punishment under] § 5G1.3(c) should be determined by adding to the undischarged sentence an amount that would make the combined sentence approximate that which would have been imposed if the defendant were sentenced for the two offenses at the same time." *Id.* at 70. As noted above, the Court of Appeals determined district courts have a degree of discretion in how and whether to apply Application Note 3. *Id.* at 71. Thus, it held Application Note 3 to be "a guide to the discretion afforded by 18 U.S.C. § 3584(a)." *Id.*

■ Included in the discretion afforded a district court under § 5G1.3(c) is the authority to disregard the methodology employed by Application Note 3 where there is good reason to do so. *Id.* at 72 (Although the methodology of § 5G1.3(c) indicates a specific sentence should be imposed, "that section, read in light of 18 U.S.C. § 3584(a) and Application Note 3, only requires that the district court 'consider' such a sentence 'to the extent practicable' to fashion a 'reasonable incremental punishment.' ").[4] *See United States v. Lagatta,* 50 F.3d 125, 127 (2nd Cir.1995)

("The commentary to U.S.S.G. § 5G1.3 underscores the court's discretion in determining a reasonable incremental punishment. . . . [And] [a]lthough [the methodology outlined in Application Note 3 of § 5G1.3] is one which the court should 'consider' in determining a reasonable incremental punishment, the commentary's plain language does not make it the exclusive manner in which a court must sentence a defendant serving an undischarged term."); *United States v. Brassell,* 49 F.3d 274, 278–79 (7th Cir.1995) ("[T]he district court does retain discretion to determine the methodology does not yield an appropriate incremental punishment and to impose another sentence"); *United States v. Torrez,* 40 F.3d 84, 87 (5th Cir.1994) ("[T]he methodology proposed by note 3 is permissive only. The specific formula . . . is conspicuously preceded by the language '[t]o the extent practicable, the court *should consider*. . . .' This language denotes merely one possible manner of determining the appropriate incremental penalty. Thus, even if the district court had considered this provision, it would have been free to decline to follow the suggested methodology."); *United States v. Redman,* 35 F.3d 437, 441 (9th Cir.1994), *cert. denied,* ——

---

fenses. In some circumstances, such incremental punishment can be achieved by the imposition of a sentence that is concurrent with the remainder of the unexpired term of imprisonment. In such cases, a consecutive sentence is not required. To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on *Multiple Counts* of Conviction) had all the offenses been federal offenses for which sentences were imposed at the same time. It is recognized that this determination frequently will require an approximation. Where the defendant is serving a term of imprisonment for a state offense, the information available may permit only a rough estimate of the total punishment that would have been imposed under the guidelines. Where the offense resulting in the undischarged term of imprisonment is a federal offense for which a guideline determination has previously been made, the task will be somewhat straightforward, although even in such cases a precise determination may not be possible.

It is not intended that the above methodology be applied in a manner that unduly complicates or prolongs the sentencing process. Ad-

ditionally, this methodology does not, in itself, require the court to depart from the guideline range established for the instant federal offense. Rather, this methodology is meant to assist the court in determining the appropriate sentence (*e.g.,* the appropriate point within the applicable guideline range, whether to order the sentence to run concurrently or consecutively to the undischarged term of imprisonment, or whether a departure is warranted.) Generally, the court may achieve an appropriate sentence through its determination of an appropriate point within the applicable guideline range for the instant federal offense, combined with its determination of whether that sentence will run concurrently or consecutively to the undischarged term of imprisonment."

4. *See United States v. Massie,* 42 F.3d 1387 (Table), (4th Cir.1994) ("In determining [the defendant's] sentence, the district court must ' "consider" [the sentence derived from application of § 5G1.3] "to the extent practicable" to fashion a "reasonable incremental punishment," ' *Wiley–Dunaway,* 40 F.3d at 72 (quoting USSG § 5G1.3, comment (n. 3)), but may decline to impose the sentence suggested by the commentary if it has a good reason for doing so.").

U.S. ——, 115 S.Ct. 922, 130 L.Ed.2d 802 (1995) ("Although the district court no longer has complete discretion to employ any method it chooses when it decides upon a reasonable incremental penalty, neither is it required to use the commentary methodology or else depart from the Guideline. Consideration of the commentary methodology is expected. So, too, is the court to take it to be most probable that the methodology will yield a reasonable incremental penalty. * * * The court may decline to impose the sentence suggested by the commentary's methodology, if it has good reason for doing so. * * * That is a far cry from a demand that courts knuckle under and follow the Commission's approach."). *But see United States v. Duranseau*, 26 F.3d 804, 810–11 (8th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 341, 130 L.Ed.2d 298 (1994) (treating use of methodology outside the guideline formula as an upward departure).

In *Redman, supra*, 35 F.3d at 441, the Court of Appeals for the Ninth Circuit addressed the circumstances a district court should consider in employing its discretion to utilize Application Note 3:

> "[T]he court must attempt to calculate the reasonable incremental punishment that would be imposed under the commentary methodology. If that calculation is not possible or if the court finds that there is a reason not to impose the suggested penalty, it may use another method to determine what sentence it will impose. The court must, however, state its reasons for abandoning the commentary methodology in such a way as to allow us to see that it has considered the methodology. * * * [Imposition of a consecutive sentence is a permissible use of discretion for the purpose of achieving a 'reasonable incremental penalty'] [i]f the court demonstrates that it has considered the commentary's methodology and states a valid reason for employing a different one." [5]

■ Initially, then, this Court must attempt to approximate what the combined sentence would be if the Defendant was sentenced for both the instant offense and the prior offenses at the same time pursuant to U.S.S.G. § 5G1.2, Sentencing on Multiple Counts of Conviction, and U.S.S.G., Part D, Multiple Counts. Accordingly, the Court calculates the approximate Total Punishment Guideline Range, were the instant and undischarged offenses grouped together for sentencing purposes, as follows:

1. Base Offense Level pursuant to U.S.S.G. § 2F1.1(a): 6.
2. Offense level enhancement for total aggregate loss of $107,161.79 pursuant to U.S.S.G. § 2F1.1(b)(G): 6.
3. Offense level enhancement for more than minimal planning pursuant to U.S.S.G. § 2F1.1(b)(2): 2.
4. Offense level enhancement for abuse of position of trust, during commission of Virgin Island offenses, pursuant to § 3B1.3: 2.
5. Offense level decrease for acceptance of responsibility of each offense pursuant to U.S.S.G. § 3E1.1: 2.
6. Total Offense Level pursuant to U.S.S.G. §§ 5G1.2, 5G1.3(c): 14.
7. Criminal History Category: III.
8. Approximate Total Punishment Guideline Range: 21–27 months imprisonment.

The Court has considered the total amount of time Defendant has been incarcerated on the Virgin Island offenses as of the initial date of sentencing for the instant offense, *i.e.*, twenty months, and the independent guideline range of the instant offense, *i.e.*, twelve (12) to eighteen (18) months, and the approximate Total Punishment Guideline Range, *i.e.*, twenty-one (21) to twenty-seven (27) months, were the instant and undischarged offenses sentenced together. Based upon the foregoing, the Court concludes there is no basis for departure from the 12–18 month Guideline Range imposed for the instant offense.[6] The Court understands a

---

5. *See United States v. Mason*, 34 F.3d 1067 (Table) (4th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 681, 130 L.Ed.2d 612 (1994) (where district court "entertain[s] arguments on the methodology set forth in the commentary to § 5G1.3(c)"

and states valid reasons for imposing consecutive sentence, the sentence is within the district court's discretion.).

6. Application Note 3, U.S.S.G. § 5G1.3 rejects the assertion any departure may be mandatory

consecutive sentence within the guideline range for the instant offense alone is 12–18 months and would thus require the Defendant to remain in custody for a period longer than the approximate Total Punishment Guideline Range of 21–27 months (had the instant and undischarged offenses been grouped together).

The Court concludes a **TWELVE (12)** month sentence of incarceration is warranted in this instance, to be served **CONSECUTIVELY** to her sentence for the Virgin Islands territorial offense.[7]

The Court declines to apply the methodology outlined in U.S.S.G. § 5G1.3(c) and exercises its discretion to substitute an alternative methodology, *see Wiley–Dunaway, supra,* 40 F.3d at 72, and *Redman, supra,* 35 F.3d at 441, for the following reasons: the Defendant committed an embezzlement offense in Belle, West Virginia, and was convicted of embezzling $6,572.01 in state court in West Virginia. She was placed on probation. While on probation she committed the instant embezzlement offense. Although her employer discovered her embezzlement and fired her, she left this district and absconded from her probation supervision in the state court system by fleeing to the Virgin Islands before the instant offense was prosecuted. Upon arrival in the Virgin Islands, the Defendant assumed a false name and social security number and immediately committed

further acts of embezzlement from a new employer.

If the Defendant had not absconded from her state probation supervision and stayed within the district to face her impending prosecution upon the instant offense, the Virgin Island offenses would not have occurred. The fact Defendant has repeatedly abused positions of trust by embezzling money from her employers, despite a previous conviction for the same type of conduct is a sentencing consideration for this judge. The Court concludes a concurrent sentence would amount to a "free ride" for the Defendant, *United States v. Lagatta, supra,* 50 F.3d at 128,[8] and therefore a twelve (12) month consecutive sentence is an appropriate and reasonable incremental sentence to punish the Defendant and deter her from future like conduct.[9]

Based upon the foregoing, the Court **ORDERS** the Defendant committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWELVE (12) MONTHS** imprisonment to be served **CONSECUTIVE** to sentences imposed in federal and territorial courts in the Virgin Islands and undischarged as of Defendant's original sentencing date of January 18, 1994.[10] Defendant should receive credit for 118 days as time already served in custody for the instant offense. Because the mandate from the Court of Appeals was addressed only to the sentence of imprison-

under these circumstances: "this methodology does not, itself, require the court to depart from the guideline range for the instant offense[.]"

7. At the time of Defendant's original sentencing for the instant offense, she was serving time on undischarged concurrent sentences from federal district court in the Virgin Islands and on a territorial sentence. The federal sentence was discharged in April, 1994, and Defendant is presently completing her territorial sentence.

8. If the Court were to impose a concurrent sentence upon the Defendant, that sentence would be meaningless as far as incarceration is concerned because she would serve no more time than she is already required to serve on her undischarged sentences.

9. Although not applying the precise methodology outlined in Application Note 3 to § 5G1.3, the

Court has carefully considered the factors enunciated therein, *inter alia,* consideration of the length of Defendant's undischarged sentence, the length of the sentence for the instant offense and the Court's determination the instant sentence should run consecutive to the undischarged sentence.

10. At the resentencing hearing held in this matter on December 28, 1994, the Court orally pronounced a sentence of fifteen (15) months incarceration. However, the Court was under the impression the fifteen month sentence would run concurrent and then consecutive to the undischarged sentence from the date of resentencing. Because both the Government and the Defendant agree any concurrent sentence must begin as of the date of the original sentencing, the Court has refashioned and lowered the length of Defendant's sentence to achieve the same result in a more technically accurate and legally supportable manner.

ment, the Judgment In A Criminal Case entered January 19, 1994, will remain in full force and effect in regard to all issues except those addressed herein.