89 F.3d 825
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Gordon KIDDER, Defendant.
 No. 95-1248.
 United States Court of Appeals, Second Circuit.
 Nov. 9, 1995.
 
 Appeal from the United States District Court for the District of Vermont (Honorable Paul J. Barbadoro, Judge, sitting by designation).
 Appearing For Appellant: Martin A. Maley, Kissane Associates, St. Albans, Vermont
 Appearing for Appellee: John P. Tavana, Asst. U.S. Attorney, Burlington, Vermont
 D.Vt.
 AFFIRMED.
 PRESENT: FEINBERG, OAKES, and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the District Court for the District of Vermont and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Appellant Gordon Kidder appeals from the sentence imposed by the United States District Court for the District of Vermont, for a term of 120 months in prison, to be followed by a three year term of supervised release. The sentence was rendered pursuant to defendant's plea of guilty to one count of possessing a "firearm" not registered to him, in violation of 26 U.S.C. § 5861(d). The sentencing court found by a preponderance of the evidence that the defendant aided and abetted Walter Noyes in the first degree murder of Frank Wood and Barbara Cadieux. It therefore applied the cross-reference provision of U.S.S.G. § 2K2.1(c)(1), and found that Kidder "used or possessed the firearm in connection with commission or attempted commission of another offense."
 
 
 4
 Appellant argues that the district court's finding was not supported by a preponderance of the evidence. We reject this argument. The court below found that Kidder's gun was used to shoot Wood, that defendant's actions after the murder were not consistent with unintentional involvement, and that Kidder had a motive to shoot Wood. The preponderance of the evidence certainly showed that Kidder aided and abetted the murders.
 
 
 5
 Appellant next contends that the court below erred by applying the preponderance of the evidence test. Whatever our feelings about the matter, this Court has held that "disputed facts relevant to sentencing, even under the Guidelines, need be established only by a preponderance of the evidence." United States v. Concepcion, 983 F.2d 369, 388 (2d Cir.1992), cert. denied, 114 S.Ct. 163 (1993); see also United States v. Sasso, 59 F.3d 341 (2d Cir.1995) (same); United States v. Rodriguez-Gonzalez, 899 F.2d 177, 181-82 (2d Cir.) (acquitted conduct can still be considered relevant conduct), cert. denied, 498 U.S. 844 (1990). We note, however, that disproportionate sentences may be appealed as unreasonable upward departures under 18 U.S.C. § 3742(e)(3). See United States v. Gigante, 39 F.3d 42, 48 (2d Cir.1994) (noting availability of this procedure).
 
 
 6
 Appellant also argues that the district court erred by not permitting the sentence to run concurrently to his unrelated state sentence. He claims that the court below was required to apply Note 3 of Section 5G1.3(c) to this offense. While Note 3 had not yet been added to the Sentencing Guidelines in 1990, the year the crime was committed, similar language was in effect at that time. See U.S.S.G. § 5G1.3 & cmt. (1990). Since the language relevant to Appellant's claim remained substantially unchanged in the later version, we need not decide whether the 1990 or the 1994 guidelines apply.[1]
 
 
 7
 This Court has held that § 5G1.3(c) does not require a court to use a particular methodology in determining whether to impose a concurrent sentence. United States v. Lagatta, 50 F.3d 125, 128 (2d Cir.1995). In Lagatta, we reached this result through explicit reliance on the language of Note 3, which states that a sentencing court should merely "consider" a reasonable incremental penalty and that "[i]t is not intended that the above methodology be applied in a manner that unduly complicates or prolongs the sentencing process." As noted above, this language existed in the 1990 version of the guidelines as well. Based on this language, we held that "the commentary's plain language does not make it the exclusive manner in which a court must sentence a defendant serving an undischarged term." 50 F.3d at 128. See also United States v. McCormick, 58 F.3d 874, 878 (2d Cir.1995) (per curiam)(holding that "a sentencing court is not required to 'explicitly demonstrate that it engaged in the multi-count sentencing methodology' established in the commentary" and that a district court need only consider " 'the basic principle that a consecutive sentence should be imposed to the extent that it will result in a reasonable incremental penalty.' ") (quoting Lagatta, 50 F.3d at 128). We see no reason, and Appellant gives us none, to reject Lagatta 's holding here. Judge Barbadoro was aware that he should impose an incremental penalty, and stated that sentencing discretion should be used "to the extent necessary to achieve a fair sentence while preserving an incremental punishment for any additional offense." Appellant's claim therefore lacks foundation.
 
 
 8
 We have examined all of Appellant's arguments and find them to be without merit. Accordingly, we affirm the decision of the district court.
 
 
 
 [1]
 For an extensive analysis of this issue, see United States v. Broderson, No. 94-1586,--F.3d--(2d Cir. Sept. 29, 1995)