104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Heriberto AYALA, Defendant-Appellant.
 No. 96-1264.
 United States Court of Appeals, Second Circuit.
 Dec. 16, 1996.
 
 APPEARING FOR APPELLANT:
 BARBARA GUSS, Assistant United States Attorney, New York, N.Y. (Mary Jo White, United States Attorney for the Southern District of New York, Marian W. Payson, Assistant United States Attorney, of counsel). CLINTON W. CALHOUN, III, Bricetti & Calhoun, White Plains, NY.
 S.D.N.Y.
 AFFIRMED.
 PRESENT: VAN GRAAFEILAND, JACOBS, and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 3
 Defendant Appellant Heriberto Ayala appeals from a Judgment of the United States District Court for the Southern District of New York, Barrington D. Parker, Judge, convicting him, upon his plea of guilty, of using a telephone to facilitate the illegal distribution of heroin, in violation of 21 U.S.C. § 843(b). Ayala claims that the district court erred by failing to state reasons for the sentence imposed and for the court's decision to order that the sentence run consecutively to a previously imposed state sentence. For the reasons set forth below, we find these contentions to be without merit.
 
 
 4
 Beginning in June 1994, defendant Ayala participated in a scheme to buy and deliver heroin while he was incarcerated in the Westchester County Jail. Following his arrest, Ayala executed a plea agreement with the government, pursuant to which he pled guilty on September 27, 1995 to one count of using a telephone to facilitate the distribution of heroin.
 
 
 5
 The plea agreement recited that Ayala's applicable Sentencing Guidelines Range would be 24 to 30 months, based upon an offense level of 10 and criminal history category of VI (reflecting Ayala's career offender status). Both Ayala and the government expressly agreed not to appeal any sentence within the stipulated Guidelines range.
 
 
 6
 Following briefing and oral argument, the district court sentenced Ayala on April 12, 1996 to 30 months' imprisonment, and ordered that the sentence run consecutively to his state sentence, pursuant to Section 5G1.3(c) of the Guidelines. The court also imposed a one year period of supervised release and recommended that Ayala participate in a substance abuse program. Judgment was entered on April 15, 1996, and this appeal followed.
 
 
 7
 Ayala claims that his sentence was illegally imposed under 18 U.S.C. § 3553(c)(1) because Judge Parker did not state on the record reasons for the imposition of the sentence. We held in Yemitan v. United States, 70 F.3d 746, 747-48 (2d Cir.1995), that a claim of failure to give reasons for a particular sentence under § 3553(c)(1) is barred by a general waiver of appeal. Ayala's plea agreement provided that "the defendant will not appeal any sentence within or below the stipulated Guidelines range," and Ayala was sentenced within that range.
 
 
 8
 Nevertheless, Ayala asserts that his waiver of appeal was not knowing and voluntary because the district court did not sufficiently inform him of the waiver provision and its consequences. We disagree. Both the Magistrate Judge at the guilty plea hearing and Judge Parker at sentencing, advised Ayala that his right to appeal was subject to the terms of his plea agreement. The Magistrate Judge also elicited from Ayala that he had read, understood, voluntarily signed, and discussed the plea agreement with his attorney. Moreover, the waiver language in the plea agreement is abundantly clear. We therefore hold that Ayala has waived his right to appeal his sentence under 18 U.S.C. § 3553(c)(1). See United States v. Ready, 82 F.3d 551, 556-60 (2d Cir.1996); Yemitan, 70 F.3d at 747-49. In any event, Ayala's claim could not succeed on the merits.
 
 
 9
 Ayala argues that the district court inadequately set forth its reasons for imposing a consecutive as opposed to a concurrent term of imprisonment. We disagree. 18 U.S.C. § 3584(a) requires that sentences run consecutively "unless the court orders that the terms are to run concurrently." In deciding to impose a consecutive sentence, a court should consider the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, [ ] provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), and "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B). See also United States v. Lagatta, 50 F.3d 125, 128 (2d Cir.1996).
 
 
 10
 The district court expressly considered these governing statutory factors, as well as the concerns reflected in U.S.S.G. § 5G1.3(c), by telling Ayala at the close of the sentencing proceedings:
 
 
 11
 But the fact remains that you apparently have a great deal of difficulty absorbing these lessons that the criminal justice system is trying to teach you. You are going down a path that I think you're going to find increasingly unproductive and increasingly dangerous for you and for whatever future plans you've got. So you are going to have to get the message, and you should get it sooner rather than later.
 
 
 12
 Ayala argues that this statement was made after the actual sentencing had ended, and just before Ayala was conducted from the courtroom, but we think that is a quibble: the statement is cogent, sufficient, on point, and on the record.
 
 
 13
 We have considered all of defendant's contentions on this appeal and have found them to be without merit. The judgment of the district court is AFFIRMED.