15-3044
*United States v. Renz*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand sixteen.

Present:
      ROBERT A. KATZMANN,
          *Chief Judge*,
      RICHARD C. WESLEY,
      SUSAN L. CARNEY,
          *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

     *Appellee*,

        v.                         No. 15-3044

DONALD J. RENZ,

     *Defendant-Appellant*.

_____

For Appellee:                  Ransom P. Reynolds, John D. Hoggan, Jr.,
                            Assistant United States Attorneys, *for*
                            Richard S. Hartunian, United States

1

Attorney for the Northern District of New York, Albany, NY.

For Defendant-Appellant:                James P. Egan, Appellate Attorney, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Donald Renz appeals from the judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*) ordering that his sentence of 57 months' imprisonment – 33 months for using a counterfeit access device in violation of 18 U.S.C. § 1029(a)(1), (c)(1)(A)(i), and 24 months for aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), (c)(4) – run consecutively to a state sentence of 41 months' imprisonment imposed on Renz for violating the terms of his state parole.  Below, Renz urged the District Court to impose a concurrent sentence on the ground that Renz's sentence for the state parole violation punished him for the same misconduct as his federal charge for using a counterfeit access device. The District Court rejected this argument, finding that the state and federal sentences involved different misconduct and that Renz should not otherwise be "rewarded" with a concurrent sentence for the fact that the misconduct charged in the federal indictment occurred while Renz was on parole.  On appeal, Renz argues that the former conclusion is clearly erroneous and that the latter rests on a misunderstanding of the law.  We assume the parties' familiarity with the procedural history and facts of this case.

2

We review a district court's decision to impose a consecutive sentence for abuse of discretion. *United States v. Matera*, 489 F.3d 115, 124 (2d Cir. 2007). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *United States v. Brady*, 417 F.3d 326, 332–33 (2d Cir. 2005) (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).

First, the District Court's decision to impose a consecutive sentence did not rest on a clearly erroneous factual finding. The District Court denied Renz's request for a concurrent sentence after rejecting Renz's claim—on which his request depended—that his sentence for his state-parole violation involved "the exact same conduct" as one of the federal charges for which he was to be sentenced. App. at 86. Although Renz may be correct that the District Court's rationale for making this finding was confused, the finding itself is indisputably correct. Renz was sentenced in state court for possessing a credit card-making machine without lawful reason, but he pleaded guilty in federal court, as relevant here, to "knowingly and with intent to defraud us[ing] a counterfeit access device, in that [he] made a purchase using information from a credit card issued to another person." App. at 10. Thus, the District Court did not clearly err in finding that the two sentences would punish different misconduct.

Second, we find no legal error in the District Court's comment that it did not intend to "reward" Renz with a concurrent sentence. After rejecting Renz's assertion regarding the scope

3

of the offense conduct in the state and federal cases, the District Court concluded that this case did not present "a situation where [the defendant is] going to be rewarded because he's on parole and he violates." App. at 83. Renz interprets this to mean that the District Court's sentencing determination improperly turned only on whether Renz deserved to be "rewarded." The better understanding of the District Court's comment, however, is that Renz, having failed to establish that his federal and state cases concerned the same misconduct, was not entitled to a concurrent sentence solely because he had engaged in the misconduct while on state parole. We have upheld similar reasoning before. *See United States v. Lagatta*, 50 F.3d 125, 128 (2d Cir. 1995) (finding no error where district court declined to impose a concurrent sentence "because it would have . . . given [the defendant] 'a free ride'"). Further, that the District Court engaged in a proper sentencing determination is borne out by its explicit statement that it considered the § 3553(a) factors and the commentary in the Sentencing Guidelines regarding when a consecutive or concurrent sentence should be imposed. *See* 18 U.S.C. § 3553(a); U.S.S.G. § 5G1.3 cmt. n.4(C).

We have considered all of Renz's arguments and find in them no basis for reversal. Accordingly, for the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4