UNITED STATES of America, Appellee,

v.

**John W.S. McCORMICK,**
**Defendant–Appellant.**

No. 91–1665.

United States Court of Appeals,
Second Circuit.

May 18, 1992.

Before: OAKES, Chief Judge,
ALTIMARI and WALKER, Circuit Judges.

## ORDER

John W.S. McCormick appeals from a judgment of the United States District Court for the District of Connecticut, Alan H. Nevas, *Judge,* convicting him after a jury trial of 31 counts of bank fraud in violation of 18 U.S.C. § 1344 (1988), and sentencing him to 46 months of incarceration, a three-year term of supervised release, restitution of $61,000, and a special assessment of $50 on each count. For the reasons set forth below, we affirm.

McCormick contends that the district court abused its discretion in denying him a continuance to obtain new counsel. The district court found McCormick's motion insincere, and commented on the defendant's pattern of procrastination: "I suspect, Mr. McCorm[i]ck, that based on your past history that if I granted you a continuance today you'd be back here in September or October still without counsel and with another excuse and another reason and another delay. You just don't want to go to trial." The court further found that McCormick was competently represented. It was well within the court's discretion to deny the motion. *See United States v. Llanes,* 374 F.2d 712, 717 (2d Cir.), *cert. denied,* 388 U.S. 917, 87 S.Ct. 2132, 18 L.Ed.2d 1358 (1967).

Second, McCormick argues that the evidence was insufficient to support his conviction. We find, on the contrary, that the evidence to convict McCormick of bank fraud was overwhelming. The evidence showed that McCormick falsely held himself out as a multimillionaire in order to obtain funds from American National Bank.

Finally, we turn to the sentence. McCormick argues that the district court, in sentencing him, improperly considered conduct that was the subject of a separate indictment. The district court, applying United States Sentencing Guideline § 1B1.3(a)(2), included charges pending against McCormick in Vermont when it calculated his offense level. The monetary loss from the 31 counts of fraud on which McCormick was indicted and convicted in Connecticut amounted to about $61,000. The loss from the 40 counts of bank fraud charged in the Vermont indictment exceeded $2.5 million. Thus, the inclusion of the Vermont frauds vastly increased the total loss considered, raising the offense level by an additional eight points. *Compare* U.S.S.G. § 2F1.1(b)(1)(F) (eight points added to base offense level if loss exceeds $40,000) *with* U.S.S.G. § 2F1.1(b)(1)(N) (thirteen points added if loss exceeds $2,500,000).

The district court's inclusion of the Vermont frauds was proper under U.S.S.G. § 1B1.3(a)(2). That Guideline directs the sentencing court, when determining the amount of loss for purposes of calculating the offense level for a fraud, to include "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." § 1B1.3(a)(2). The determination of whether acts are part of the same course of conduct focuses "on whether defendant has engaged in an identifiable 'behavior pattern' of specified criminal activity." *United States v. Perdomo,* 927 F.2d 111, 115 (2d Cir.1991) (quoting *United States v. Santiago,* 906 F.2d 867, 872 (2d Cir.1990)). Here, McCormick's Vermont and Connecticut bank frauds, perpetrated in the same style and with the same or similar documents and documentation, fit into an identifiable criminal behavior pattern. Therefore, inclusion of the Vermont frauds as "part of the same course of conduct" was warranted under § 1B1.3(a)(2).

McCormick correctly points out that because he has been indicted for the Vermont frauds, the inclusion of those frauds in the calculation of his sentence may raise serious double jeopardy concerns. It may be that further punishment for the Vermont frauds will be foreclosed by the use of those frauds in McCormick's Connecticut sentencing. *See United States v. Koonce,* 945 F.2d 1145, 1149–54 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1695, 118 L.Ed.2d 406 (1992); *see also Perdomo,* 927 F.2d at 116 (double jeopardy claim by defendant prosecuted for acts included in prior sentence would have "considerable force"). That issue, however, is not ripe for consideration at this point. *See Perdomo,* 927 F.2d at 116 ("Resolution of [the double jeopardy] issue ... must properly await the second prosecution, if any."). We face only the question whether the district court in Connecticut

could consider the Vermont frauds in calculating McCormick's sentence, and we are persuaded that it could. Ideally, the double jeopardy concerns would have been addressed by an agreement between the United States Attorneys' offices in Connecticut and Vermont that sentencing would be resolved entirely in Connecticut, in accordance with much practice in the past. The absence of such an agreement, however, does not render the present sentence reversible.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.