104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Nicholas DICOSTANZO, also known as Fat Nicky, Defendant-Appellant.
 No. 96-1010.
 United States Court of Appeals, Second Circuit.
 Sept. 4, 1996.
 
 Felix T. Gilroy, Staten Island, NY.
 James Orenstein, Ass't U.S. Att'y, EDNY, Brooklyn, NY.
 Present: MESKILL, KEARSE, MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Nicholas DiCostanzo appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York, following his plea of guilty before Carol Bagley Amon, Judge, to one count of conspiracy to commit extortion, in violation of 18 U.S.C. § 1951, and sentencing him principally to 27 months' imprisonment, to be followed by a three-year term of supervised release, and a $7,500 fine. On appeal, DiCostanzo contends that the district court erred (a) in applying the 1995 version of the Sentencing Guidelines (the "Guidelines"), which were in effect on the date of sentencing, rather than the 1989 Guidelines, which were in effect on the date of the commission of his offense, thereby violating the Ex Post Facto Clause of the United States Constitution, and (b) in concluding that a one-step offense-level enhancement was warranted under Guidelines §§ 2B3.2(b)(2) and 2B3.1(b)(6)(B) because the amount demanded from the victim of the extortion conspiracy exceeded $10,000. For the reasons that follow, we see no basis for reversal.
 
 
 4
 DiCostanzo's contention that the district court used the wrong version of the Guidelines was not raised in the sentencing court. Issues not raised in the district court, including sentencing issues, will generally be deemed waived on appeal in the absence of plain error. See, e.g., United States v. Margiotti, 85 F.3d 100, 104 (2d Cir.1996); United States v. McCormick, 58 F.3d 874, 877 (2d Cir.1995). Where a defendant's substantial rights are not affected, the plain-error test is not met. See, e.g., United States v. Keppler, 2 F.3d 21, 23-24 (2d Cir.1993). We see no plain error here in light of the fact that under the 1989 Guidelines, DiCostanzo could have received precisely the same sentence he received under the 1995 Guidelines. DiCostanzo's contention that his sentence would have been shorter depends on the proposition that the court could have applied offense-level provisions from the 1989 version of the Guidelines and the acceptance-of-responsibility provision from the 1995 version, a proposition that is untenable. "A version of the sentencing guidelines is to be applied in its entirety. A sentencing court has no authority to pick and choose, taking one provision from an earlier version of the guidelines and another from a later version." United States v. Keller, 58 F.3d 884, 890 (2d Cir.1995).
 
 
 5
 Nor is there merit in DiCostanzo's contention that he is entitled to be resentenced on the ground that the offense-level enhancement was improper because there was insufficient evidence that he had knowledge that more than $10,000 had been demanded from the victim of the extortion conspiracy. "Where the Guidelines provide overlapping ranges of imprisonment, and the sentence actually imposed is in the area of overlap and the sentencing court has indicated that it would have imposed the same sentence whichever range applied, there is no basis for reversal on appeal." United States v. Rivera, 22 F.3d 430, 439 (2d Cir.1994); see United States v. Bermingham, 855 F.2d 925, 934-35 (2d Cir.1988). In the present case, the sentence imposed was within the pertinent Guidelines ranges whether or not the court found that DiCostanzo knew the amount demanded from the victim exceeded $10,000; and in sentencing DiCostanzo, the district judge stated that she would impose the same sentence whether or not she found that the amount demanded exceeded that sum. Accordingly, the offense-level calculation provides no basis for appeal.
 
 
 6
 We have considered all of DiCostanzo's contentions on this appeal and have found in them no basis for reversal. The judgment of conviction is affirmed.