**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4305**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RYAN LEE SMITH,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:06-cr-00834-DCN)

―――――――――

Submitted:  July 18, 2007          Decided:  July 30, 2007

―――――――――

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, M. Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Lee Smith pled guilty without the benefit of a plea agreement to one count of identity theft, in violation of 18 U.S.C. § 1028(a)(7), (b)(1)(D) (2000). Although he did not object to the calculations in his presentence report ("PSR"), he argued three prior state convictions were part of the same course of conduct as his federal offense, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 1B1.3 (2005). Therefore, Smith argued his federal sentence should run concurrently with his state sentence pursuant to USSG § 5G1.3(b). The district court dismissed this argument, finding the three state convictions were sentenced concurrently with unrelated state drug convictions, which Smith's counsel conceded did not constitute relevant conduct under USSG § 1B1.3. The court sentenced Smith to twenty-four months' imprisonment, at the bottom of the sentencing guidelines range and a sufficient term to qualify for the Bureau of Prisons' 500-hour drug treatment program. Smith timely appealed, and we affirm the district court's judgment.[1]

Smith argues the district court erroneously believed it had no discretion to fashion a reasonable punishment pursuant to USSG § 5G1.3(c).[2] The Government contends this argument was not

_____

[1]Smith does not challenge his conviction on appeal.

[2]Smith does not contend his sentence was unreasonable under United States v. Booker, 543 U.S. 220 (2005).

- 2 -

raised below.  See United States v. Rouse, 362 F.3d 256 (4th Cir. 2004) (holding USSG § 5G1.3(c) argument waived when defense counsel failed to cite that section or argue district court was required to impose concurrent sentence).  Smith contends he sufficiently referenced USSG § 5G1.3 generally at the sentencing hearing. Unlike in United States v. McCormick, 58 F.3d 874, 877 (2d Cir. 1995), however, Smith's counsel did not merely mistakenly reference the provision of USSG § 5G1.3 upon which he sought to rely at the sentencing hearing.  Smith does not make "essentially the same argument to the district court that he now raises on appeal," see id., and therefore we review his argument for plain error.

To meet the plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights.  United States v. Olano, 507 U.S. 725, 732-34 (1993).  If the three elements of the plain error standard are met, we may exercise our discretion to notice the error only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.  Id. at 736.  After thoroughly reviewing the applicable materials, including the sentencing transcript, we conclude Smith fails to meet this standard.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED