**UNITED STATES of America,**
**Appellee,**

v.

**Jason FERNANDEZ, Jose Antonetti,**
**Defendants,**

**Luis Sanchez, Defendant–Appellant.**

**No. 07–1224–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 11, 2009.

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

Bobbi C. Sternheim, Kristopher J. Januzzi, New York, N.Y. (on submission), for Appellant.

John J. O'Donnell, Andrew L. Fish, Assistant United States Attorneys, Southern District of New York (Michael J. Garcia, United States Attorney), New York, N.Y. (on submission), for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges, and Hon. DENISE COTE,* District Judge.

### SUMMARY ORDER

Following a guilty plea in accordance with his plea agreement, defendant Luis Sanchez was sentenced to a term of 240 months' imprisonment pursuant to 18 U.S.C. § 1951 for his involvement in an attempted Hobbs Act robbery during which one of Sanchez's co-conspirers shot and killed the robbery's intended victim. The district court determined, pursuant to U.S.S.G. § 5G1.3(c), that Sanchez's sentence should run consecutively to a state sentence that Sanchez was already serving for criminal sale of a controlled substance in the third degree. Sanchez appeals. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

"We review the district court's legal determination of whether to apply U.S.S.G. § 5G1.3(a), (b), or (c), *de novo*. However, a district court's sentencing decisions under § 5G1.3(c) will not be overturned absent an abuse of discretion." *United States v. Brennan*, 395 F.3d 59, 66 (2d Cir.2005) (citation and internal quotation marks omitted).

---

* The Honorable Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

Sanchez suggests that the district court should have applied U.S.S.G. § 5G1.3(b), rather than section 5G1.3(c). Section 5G1.3(b) only applies if section 5G1.3(a) does not apply (which both parties agree to be the case), and if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments)." ** U.S.S.G. § 5G1.3(b). Sanchez's state offense was not a basis for an increase in the offense level for his Hobbs Act violation, nor was it taken into account at all in determining that offense level. Section 5G1.3(b) therefore does not apply, and the district court was correct to apply section 5G1.3(c), which is to be used "[i]n any other case involving an undischarged term of imprisonment." U.S.S.G. § 5G1.3(c).

Under section 5G1.3(c), "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c).

The application notes to section 5G1.3(c) list a wide range of factors for district courts to consider in deciding whether a sentence should run concurrently or consecutively to an existing sentence. They include, *inter alia,* the so-called "18 U.S.C. § 3553(a) factors," and "[a]ny other circumstance relevant to the determination of an appropriate sentence." U.S.S.G. § 5G1.3 app. n. 3. Subsection (c) has been held to "vest[ ] broad discretion in the sentencing court." *United States v. Maria,* 186 F.3d 65, 71 (2d Cir.1999). "[T]here is no requirement for district court judges to make individualized findings." *United States v. Velasquez,* 136 F.3d 921, 924 (2d Cir.1998). "What is, instead, required is that the court consider the basic principle that a consecutive sentence should be imposed to the extent that it will result in a reasonable incremental penalty." *United States v. McCormick,* 58 F.3d 874, 878 (2d Cir.1995) (internal quotation marks omitted).

The district court decided to impose Sanchez's 240 month sentence to run consecutively to his existing sentence on the grounds that Sanchez had discipline issues in prison, prior offenses, and prior parole violations. These are permissible factors to consider under section 5G1.3(c), which permits the consideration of the factors listed under 18 U.S.C. § 3553(a), including "the history and characteristics of the defendant" and "the need ... to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). The district court acted well within its discretion in imposing the sentence to run consecutively to the state sentence.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

---

** Prior to a 2003 amendment, section 5G1.3(b) was used in situations where "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." *See Brennan,* 395 F.3d at 66. We have identified but not decided the question of whether or not this language should be applied in cases like this one, where the relevant conduct occurred before the 2003 amendment took effect. *See id.* at 67. We need not decide this issue here, because the result is the same under either version of section 5G1.3(b).