12-1214-cr
United States v. Rodriguez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted: April 25, 2013      Decided: May 15, 2013)

Docket No. 12-1214-cr

UNITED STATES OF AMERICA,

*Appellee*,

— v. —

EDUARDO RODRIGUEZ, also known as EDUARDO RODRIGUEZ-NUNEZ, also known as
EDWARDO RODRIGUEZ, also known as RAFAEL FLORES,

*Defendant-Appellant*.

B e f o r e:

WINTER, CALABRESI, and LYNCH, *Circuit Judges*.

Defendant-appellant Eduardo Rodriguez appeals from a judgment of conviction

entered on March 23, 2012, following his guilty plea in the United States District Court

for the Southern District of New York (Leonard B. Sand, *Judge*).  Rodriguez pled guilty

to illegally reentering the United States following a conviction for an aggravated felony in

1

violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2), and was sentenced to 57 months'

imprisonment, to run consecutively to an undischarged term of imprisonment for

narcotics convictions in the state of Virginia. On appeal, Rodriguez challenges his

sentence as substantively unreasonable. Because we do not find the sentence

unreasonable, we affirm the district court's judgment.

AFFIRMED.

Judge LYNCH concurs in the opinion of the Court, and files a concurring opinion.

––––––––––––

JULIA PAMELA HEIT, New York, New York, *for defendant-appellant*.

ALEXANDER J. WILSON, Assistant United States Attorney (Andrew Fish, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York, *for appellee.*

––––––––––––

PER CURIAM:

Defendant-appellant Eduardo Rodriguez appeals from a judgment of conviction

entered on March 23, 2012, in the United States District Court for the Southern District of

New York (Leonard B. Sand, *Judge*) on his guilty plea to illegally reentering the United

States after deportation following a conviction for an aggravated felony in violation of 8

U.S.C. §§ 1326(a) and 1326(b)(2). The district court imposed a term of 57 months'

imprisonment, to run consecutively to an undischarged term of imprisonment that

Rodriguez was serving in connection with narcotics convictions in the state of Virginia.

In this appeal, Rodriguez challenges his sentence as substantively unreasonable.

2

"We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard . . . ." United States v. Hernandez, 604 F.3d 48, 52 (2d Cir. 2010). This review "encompasses two components: procedural review and substantive review." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Where the district court's sentencing decision is procedurally sound, we then consider whether the sentence was substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." Cavera, 550 F.3d at 190. Only in exceptional cases, "where the trial court's decision cannot be located within the range of permissible decisions," id. at 189 (internal quotation marks omitted), will we set aside a district court's substantive determination. "In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Perez-Frias, 636 F.3d 39, 43 (2d Cir. 2011) (internal quotation marks and bracket omitted).

Rodriguez argues that the district court's refusal to impose a concurrent or partially concurrent sentence renders his 57-month Guidelines sentence substantively unreasonable. We disagree. The Guidelines provide that, when a defendant is already serving an undischarged term of imprisonment, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant

3

offense." U.S.S.G. § 5G1.3(c). That guideline "generally vests broad discretion in the sentencing court," United States v. Maria, 186 F.3d 65, 71 (2d Cir. 1999), and instructs district courts to consider a range of factors in deciding whether a sentence should run concurrently or consecutively to an existing sentence, including the 18 U.S.C. § 3553(a) factors, and "any other circumstance relevant to the determination of an appropriate sentence," U.S.S.G. § 5G1.3 app. n.3. See United States v. McCormick, 58 F.3d 874, 878 (2d Cir. 1995) (noting that the court should "consider the basic principle that a consecutive sentence should be imposed to the extent that it will result in a reasonable incremental penalty") (internal quotation marks omitted). "A district court's sentencing decisions under § 5G1.3(c) will not be overturned absent an abuse of discretion." United States v. Matera, 489 F.3d 115, 124 (2d Cir. 2007) (brackets and internal quotation marks omitted).

The district court imposed Rodriguez's 57-month sentence to run consecutively to his existing sentence after considering Rodriguez's history, characteristics, and the goals of sentencing, most notably, deterrence. These are permissible factors for a district court to consider under § 5G1.3(c), which permits the consideration of the factors listed under 18 U.S.C. § 3553(a), including "the history and characteristics of the defendant" and "the need . . . to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a). We therefore conclude that the district court acted well within its discretion in imposing the sentence to run consecutively to the state sentence.

We have considered all of Rodriguez's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

GERARD E. LYNCH, *Circuit Judge*, concurring:

I fully join the per curiam opinion because I agree that the sentence imposed in this case is not substantively unreasonable. I write separately, however, to call attention to a framework available to district court judges deciding whether to impose a term of imprisonment that runs consecutively, concurrently, or partially concurrently to an undischarged state sentence, which does not appear to have been considered either by defense counsel or by the district court, and which was not cited by appellant to this Court. It is my view that in exercising the discretion provided by U.S.S.G. § 5G1.3(c), district judges might well want to consider the sentence that they would impose if the crime of conviction and the crime underlying the undischarged term of imprisonment had both been prosecuted simultaneously in federal court.

The problem of concurrent or consecutive sentences is a vexing one in any guideline system that attempts to recommended sentences for various offenses that are tied primarily to the seriousness of the offense conduct. As the United States Sentencing Guidelines have recognized from the outset, "[t]he difficulty is that when a defendant engages in conduct that causes several harms, each additional harm, even if it increases the extent to which punishment is warranted, does not necessarily warrant a proportionate increase in punishment." U.S.S.G. ch.1, pt. A, introductory cmt. 4(e). The Commission gave an example: "A defendant who assaults others during a fight . . . may warrant more punishment if he injures ten people than if he injures one, but his conduct does not necessarily warrant ten times the punishment." Id. The Guidelines thus provide an

1

admittedly imperfect set of rules, commonly referred to as the "grouping rules," for addressing the problem of providing "an appropriate degree of aggravation of punishment for multiple offenses that are the subjects of separate counts." Id.; see U.S.S.G. ch. 3, pt. D.

The problem of whether a federal sentence for an additional crime should run concurrently, consecutively, or partially consecutively to an existing undischarged sentence is analogous. Here, too, the problem is whether the punishment for two distinct offenses should be the total of the punishments that might be appropriate for the two offenses considered separately, or something less. In many cases, by virtue of the mere fact that one crime was prosecuted in the state system and the other federally, or because one crime was only detected after the earlier one was fully prosecuted, the grouping rules do not apply as they would had both crimes been prosecuted simultaneously in the federal system. For a defendant such as this one, applying the grouping rules to determine what incremental punishment those rules would have provided if the defendant had been prosecuted simultaneously in federal court for both offenses could provide useful information about the degree to which it is appropriate to impose a sentence that is only partially consecutive.

In this case, Rodriguez had already been prosecuted for narcotics offenses in the state courts of Virginia, and received an effective sentence of nine years (108 months).[1]

_____

[1] Rodriguez was actually sentenced to 31 years of imprisonment, 22 of which were suspended. The parolable nature of sentences in many states is a complicating factor for any

In deciding to impose a fully consecutive sentence, the district court imposed an additional 57-month sentence, such that Rodriguez will presumably serve a total of 165 months. Given the sparsity of the information available in this record, it is impossible to determine precisely how Rodriguez would have fared had both offenses been charged in the same federal indictment. We do not know enough about the nature of the state narcotics offenses for which he was serving a sentence to determine the guideline calculation for that offense, and such a calculation is an essential step in applying the multiple-count analysis under the federal Guidelines. But we can have some confidence that if Rodriguez had been prosecuted simultaneously in federal court for his immigration violation and for a narcotics offense that would yield a guideline recommendation of 108 months, his total recommended sentence would probably have been significantly lower than 165 months.

We know this because the Sentencing Commission's approach, as discussed above, was designed to yield something less than fully consecutive sentences for multiple counts prosecuted together. See U.S.S.G. ch. 1, pt. A, introductory cmt. 4(e). A rudimentary version of the mechanics by which that approach was implemented, oversimplifying the analysis by disregarding questions of criminal history category and reductions of final offense levels for acceptance of responsibility, confirms that conclusion. Under U.S.S.G. § 3D1.1(a), the district court would be instructed to (1)

court attempting to determine the practical effect of imposing a consecutive federal sentence.

3

determine how the two offenses would be grouped, (2) determine the offense levels applicable to each group, and (3) determine the combined offense level for all the crimes. At step (1), under U.S.S.G. § 3D1.2, the drug and immigration offenses would not be grouped, because they do not involve "substantially the same harm." U.S.S.G. § 3D1.2. At step (2), let us assume a defendant whose narcotics offense equated to an offense level of 29, which, at criminal history category I – not Rodriguez's actual category – produces a recommended guideline range of 87 to 108 months, and whose immigration offense level was 24 – Rodriguez's actual immigration offense level – which, at criminal history category I, would produce a guideline range of 51 to 63 months.

At step (3), the offense level for the more serious narcotics offense would count as one Unit, and because the immigration offense is five levels less serious than the narcotics offense, it would count as ½ Unit. See U.S.S.G. § 3D1.4(a), (b). With a total of 1½ Units, the court would be instructed to increase the base offense level for the more serious offense by one level, id. § 3D1.4 (table), raising the defendant's aggregate offense level to 30. If we continue with our simplifying assumption of criminal history category I, the Guideline recommendation would be 97 to 121 months, not the range of 138 to 165 months that would result from simply adding the ranges for the two offenses and running the sentences consecutively. Assuming a top-of-the-range sentence, the defendant's sentence would increase from 108 to 121 months as a result of the immigration conviction, not from 108 to 165. If this kind of analysis were applied in a case in which 108-month sentence was already being served, it would suggest that only 13 months, and

4

not the full 57 months of the immigration sentence, should be required to run consecutively.

I do not for a moment suggest that this rather crude calculation yields an appropriate sentence for Rodriguez, still less that the district court's decision to impose a fully consecutive sentence was unreasonable. First, as noted repeatedly, the calculation I have made is a crudely oversimplified approximation, based on insufficient information and some oversimplified assumptions, that does not reflect how the Guidelines would apply to Rodriguez's actual crimes. Second, even in making a precise calculation with full information, it might well be appropriate not to look to how the *actual* narcotics offense would be treated under federal law, but to respect the policies of the state sentencing system, which might well impose higher or lower sentences for narcotics offenses than the federal guidelines, and thus to utilize some approximation of a guidelines level for the narcotics offense rather than the actual federal level. Third, the Sentencing Commission itself recognizes that, even within the sphere in which they were designed to operate, its rules for dealing with multiple-count convictions are hardly perfect and "may produce occasional anomalies." U.S.S.G. ch. 1, pt. A, introductory cmt. 4(e). Like other mechanical rules in the Guidelines, they are suggestive rather than definitive, and the illusion of mathematical clarity that they provide may in any particular case be more seductive than enlightening. Fourth, the multiple-count guidelines were not designed to apply to the consecutive versus concurrent decision in the precise situation of imposing an additional sentence on a defendant already serving an uncompleted term in a

5

state prison. That is a situation analogous, but not perfectly identical, to the multiple-count scenario. Accordingly, the Commission did not instruct that its multiple-count rules should be applied in that situation, but instead left the question of concurrent versus consecutive sentences to the wise discretion of the district court. Fifth, like every recommendation in the Guidelines manual, even in their intended zone of application, the multiple-count rules are only advisory. And finally, it cannot have been an abuse of discretion for the district court not to have made the kinds of calculations I have suggested here, as the defendant did not raise any such argument either in the district court or on appeal.

For these reasons, I am fully in accord with the conclusion and reasoning of the per curiam opinion, which correctly affirms the sentence imposed as substantively reasonable, and within the sound discretion of the district court. I merely suggest that in cases of this sort, prosecutors, defense attorneys, and district courts may find it useful to consider conducting the type of multiple-count analysis that I have outlined here, which may provide a useful additional piece of information in considering an appropriate sentence. After all, Congress has instructed that one of the factors to be considered in determining an appropriate sentence is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). There may be sound reasons in any particular case for imposing a sentence that is fully consecutive to an undischarged sentence, even where the multiple-count rules would have recommended a lesser sentence if the offenses had been

6

prosecuted simultaneously. With an accurate view of the multiple-count analysis before it, however, a district court might well conclude, in an appropriate case, that the accident of when and where a defendant has been prosecuted for his various crimes might create an unwarranted disparity if a fully consecutive sentence is imposed.